**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ALICE + OLIVIA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| BJ ACQUISITION, LLC and STEVEN MADDEN, | ) | **JURY TRIAL DEMANDED** |
| LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Alice + Olivia, LLC ("A+O") by and through its attorneys Wilson Keadjian Browndorf, LLP, hereby alleges its Complaint against defendants BJ Acquisition LLC ("Betsey Johnson") and Steven Madden, Ltd ("Madden") as follows:

## NATURE OF THE CASE

1.    This is an action for: infringement of registered copyright, trademark and trade dress under 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); dilution of Plaintiff's trademark in violation of 15 U.S.C. § 1125(c); injunctive relief and damages under 15 U.S.C. §§ 1114, 1117, 1118, 1119 and 1125; related copyright violations under 17 U.S.C. § 101 *et seq.*; violation of Section 360-1 of the New York General Business Law; and violation of the common law of the State of New York.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a) and 1338.  The New York State law claims

1

asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

3.    Venue is proper under 28 U.S.C.§ 1391(b) and (c) because defendants are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred in this judicial district. Venue also is proper under 28 U.S.C §1400 because defendants may be found in this district.

4.    Upon information and belief, this Court has personal jurisdiction over the defendants because they have offices in this district and/or because they regularly conduct business in the State of New York and/or because a substantial part of the events giving rise to these claims occurred in this judicial district, and defendants have minimum contacts with the forum.

**PARTIES**

5.    Plaintiff A+O is a limited liability company organized under the laws of the State of New York, with its principal place of business at 450 West 14th Street, New York, New York 10014. A+O's Chief Executive Officer and Creative Designer is Stacey Bendet.

6.    Upon information and belief, defendant Betsey Johnson is a limited liability company organized under the laws of the State of New York, with its principal place of business at 52-16 Barnett Avenue, Long Island City, New York, 11104, Att'n Ed Rosenfeld and/or Awadhesh Sinha, edrosenfeld@stevemadden.com.

7.    Upon information and belief, defendant Madden is a company organized under the laws of the State of Delaware, with its principal place of business at 52-16 Barnett Avenue, Long Island City, New York, 11104, Att'n Ed Rosenfeld and/or Awadhesh Sinha, edrosenfeld@stevemadden.com.

8. Upon information and belief, Betsey Johnson is a wholly owned subsidiary or affiliate of Madden, the two defendants share officers and office space and Madden is the moving, active and conscious force directing all of the misconduct alleged herein. Accordingly, Madden is responsible and liable for said misconduct.

**Plaintiff's Proprietary StaceFace Design**

9. A+O is a renowned designer, manufacturer and licensor of wearing apparel, handbags and accessories.

10. A+O's Chief Executive Officer and Creative Designer, Ms. Bendet, is well known and her name and likeness are inexorably associated with A+O.

11. For several years, A+O has advertised, promoted and sold a comprehensive range of clothing, handbags and accessories bearing, among other indicia, the image of Ms. Bendet. using the "StaceFace" logo and design (the "StaceFace Designs"). Depictions of the StaceFace Design are pictured below.

 

12. The StaceFace Designs and imagery are original works the rights.

13. Staceypants, Inc., wholly owned by Ms. Bendet, is the owner of U.S. Copyright Registration Nos. VA 1-999-385 and VA 2-023-251 for the StaceFace Designs as well as U.S.

Trademark Registration Nos. 5,216,432 and 5,353,604 for the StaceFace Designs. (Exhibit A hereto).

14. As part of their respective businesses, Staceypants, Inc. has exclusively licensed, assigned and granted all rights and exclusive permission to A+O to use the StaceFace Designs, imagery and all associated copyrights and trademarks and variations of the imagery.

15. The license gives A+O the right to protect and enforce rights in and to the StaceFace Designs, imagery and all associated copyrights and trademarks and variations of the imagery, including the right to commence infringement actions.

16. Stacepants, Inc. and Ms. Bendet have been informed of and explicitly endorse, authorize and approve of A+O's commencement and prosecution of this infringement action.

17. The aforementioned U.S. registrations provide constructive notice as to the ownership of the StaceFace Designs and imagery and the right to exclusive use of the StaceFace Designs and imagery throughout the United States pursuant of Section 7(c) of the Lanham Act, 15 U.S.C. § 1072.

18. A+O has the exclusive right to commercialize the StaceFace Designs, imagery and all variations thereof.

19. The StaceFace Designs are prominently featured in A+O's advertising and promotional materials, and on A+O's goods offered for sale in the course of A+O's business.

20. The StaceFace Design are uniquely associated by the purchasing public with A+O products designed and offered for sale by A+O.

4

21. Pictured below are representative images of several A+O brand handbags which feature the proprietary StaceFace Designs.



22. Plaintiff has made substantial expenditures to develop, advertise and promote the Stace Face Design and imagery through various means.

23. As a result of the extensive sales and commercial success of the StaceFace Design and imagery, its distinctive and iconic appearance has been extremely well-known.

24. The distinctive appearance of the StaceFace Design and imagery immediately imparts to purchasers and the public that the item originates from A+O.

25. The StaceFace Design and imagery symbolizes the extraordinary goodwill that is associated with A+O and is among A+O's most valuable assets.

**Defendants' Initial Infringement**

26. On or about February 27, 2017, A+O learned that defendants were offering for sale and selling a BETSEY JOHNSON brand bag featuring a design which is virtually identical to the StaceFace Designs (the "Initial Infringing Product").

27.  A comparison of A+O's goods and defendants' Initial Infringing Product follows:

| Alice + Olivia | | Betsey Johnson Initial Infringing Product |
|---|---|---|
| Trademark Reg. No. 5,216,432 Copyright Reg. VA 2-023-251 | A+O Handbags | |
| | | |

28.  A+O's attorneys sent defendants a cease and desist letter (the "February 2018 Cease & Desist Letter"), placing defendants on formal, legal notice of: (i) the fact that they were infringing on protected intellectual property rights (including trademark and copyright protections); and (ii) A+O's objections to the unauthorized use of the StaceFace Designs. (A copy of the letter is annexed as Exh. B)

29.  The February 2018 Cease & Desist Letter noted the unmistakable similarity between defendants' Initial Infringing Product and the StaceFace Designs, and that the blatant replication compelled the conclusion that defendants intentionally copied the StaceFace Designs to foster confusion and to deceive customers into believing that the customers were purchasing products originating with A+O.

30.  On or about March 19, 2018, defendants agreed to stop the manufacture and sale of the Initial Infringing Product.

6

31.    Based on defendants' agreement and assurance that defendants would cease production of the Initial Infringing Product, A+O forbore from pursuing the legal redress against defendants to which Plaintiff is entitled.  However, Plaintiff reserved all rights in this regard.

**Defendants' Continuing Infringement**

32.    Unfortunately, A+O's good faith intentions and efforts to resolve its dispute with defendants appear to have been in vain.

33.    Defendants have continued their efforts to copy and "knock-off" the StaceFace Designs and trade dress by mimicking the features and overall appearance of the StaceFace Design and imagery, without authorization or consent.

34.    In or about September 2018, A+O identified new goods from defendants that mimicked the StaceFace Design and imagery (the "New Infringing Products").

35.    The New Infringing Products (like the Initial Infringing Product) plainly copy and mimic A+O's StaceFace Design and imagery, seeking to co-opt A+O's strong brand recognition.

36.    The only difference between A+O's proprietary StaceFace Design and imagery and defendants' New Infringing Product is that defendants changed the shape of the glasses from circles to hearts.

37.    Otherwise, the New Infringing Products are virtually identical in color, design, and overall concept, appearance and "feel" to the StaceFace Design and imagery.

7

38.   A picture of an example of the defendants' New Infringing Products follows:



39.   In view of the fame and success of the StaceFace Design, and the dramatic and distinctive imagery, minor changes to defendants' product (such as changing round glasses to heart shape) do not negate a likelihood of confusion.  Instead, given the overall feel and concept of the imagery the public is likely to believe that defendants' New Infringing Products are a version of the StaceFace Design and a part of A+O's product line.

40.   Any ostensible secondary identifier (such as defendants' label) will not be the first item that consumers see or register as the source of the goods.  Alternatively, consumers will

erroneously believe that defendants are using the StaceFace Design in coordination with, and with the approval of, A+O.

41.   A+O officials promptly contacted their counterparts at defendants to object to the defendants' manufacture of the New Infringing Products and to demand an immediate halt to further manufacture and sales of the offending goods.

42.   The New Infringing Products so closely resemble defendants' Initial Infringing Products (which defendants had agreed to cease making and selling) that a Madden official initially responded to A+O's new objections by reiterating defendants' prior promise that they had ceased the manufacture and sale of the offending goods, and that the New Infringing Product must be part of remaining older inventory of the Initial Infringing Product that had found its way to market:

> I reiterate what our Betsey Johnson handbag folks confirmed. As communicated to your attorneys in March, Betsey Johnson ceased manufacture and importation of the accused product and has not returned to the accused design. *The bag photographed must be part of stock remainders that have made their way through the retail channels.*

Exh C (emphasis added).

43.   Despite the foregoing, Plaintiff continued to see the New Infringing Product in the marketplace.

44.   Defendants failed and refused to further address the matter.

45.   Accordingly, by letter dated October 11, 2018, A+O was compelled to send defendants another cease and desist letter, objecting to the New Infringing Products and demanding that defendants cease the manufacture and sale of the same.

46.   In response, defendants refused to cease the manufacture or sale of the New Infringing Products, arguing that inconsequential design differences (*i.e.*, changing round glasses

to heart shape) meant that the New Infringing Product was different from, and did not infringe on, the StaceFace Designs and imagery.

47.   Defendants have had actual and constructive notice of the incontestable U.S. trademark and copyright registrations, and the fact that Plaintiff possesses the exclusive right to use the StaceFace Design and imagery throughout the United States.

48.   Upon information and belief defendants are aware that the enormous and highly valuable goodwill symbolized by the designs and imagery belongs to Plaintiff and was developed at Plaintiff's sole expense.

49.   Defendants unfairly, unlawfully and intentionally seek to copy, co-opt and exploit the StaceFace Design and imagery, and associated good will, for themselves.

50.   Defendants' unauthorized use of the StaceFace Design and imagery has enabled and will continue to enable, defendants to secure sales, revenues, profits and business relationships that properly belong to Plaintiff.

51.   Defendants' unauthorized use of the StaceFace Design and imagery also will adversely affect Plaintiff's rights as Plaintiff cannot control the quality, types of goods, channels of distribution used and sold by defendants.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114(1)(a)**

52.   The allegations set forth above in paragraphs 1 through 51 hereof are adopted and incorporated by reference as if fully set forth herein.

53.   Plaintiff has all and exclusive rights respecting U.S. Copyright Registration Nos. VA 1-999-385 and VA 2-023-251 for the StaceFace Designs as well as U.S. Trademark Registration Nos. 5,216,432 and 5,353,604 for the StaceFace Designs, which are valid, subsisting

and incontestable.

54.   Defendants, without authorization from Plaintiff, have used and are continuing to use spurious copies of the StaceFace Design and imagery in connection with defendants' own products.

55.   Defendants' sale of goods bearing the spurious copies of the StaceFace Design and imagery is likely (and intended by defendants) to cause confusion, or to cause mistake, or to deceive consumers into believing that defendants' products are genuine, authorized or approved by Plaintiff.

56.   Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

57.   Defendants' misappropriation and infringement of the StaceFace Design and imagery was and is willful and intentional, as evidenced by defendants' continued mimicry even after actual notice and demands to stop.

58.   Upon information and belief, by its acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

59.   Upon information and belief, defendants intend to continue their infringing acts, and will continue to infringe the StaceFace Design and imagery, unless restrained by this Court.

60.   Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

61.   Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)

62. The allegations set forth above in paragraphs 1 through 61 hereof are adopted and incorporated by reference as if fully set forth herein.

63. Defendants' advertisement, promotion, and use of spurious copies of the StaceFace Design and imagery is intended and is likely to confuse, mislead, deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of defendants' goods, and is likely to cause the public to believe erroneously that such products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with defendants.

64. Defendants' acts constitute false designation of origin and false misleading description and representation of fact, all in violation of 15 U.S.C. § 1125(a).

65. Upon information and belief, defendants' misappropriation and infringement of the StaceFace Design and imagery was and is willful and intentional.

66. Upon information and belief, by their acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

67. Upon information and belief, defendants intend to continue their infringing acts, and will continue to infringe the StaceFace Design and imagery, unless restrained by this Court.

68. Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

69. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## TRADEMARK DILUTION UNDLER LANHAM ACT 15 U.S.C. § 1125(c)

70. The allegations set forth above in paragraphs 1 through 69 hereof are adopted and incorporated by reference as if fully set forth herein.

71. Plaintiff is the exclusive owner and holder of and to all rights respecting commercialization of the StaceFace Design and imagery in the United States.

72. The StaceFace Design and imagery is distinctive and has been used for many years and has achieved enormous and widespread public recognition.

73. The StaceFace Design and imagery is famous within the meaning of 15 U.S.C. § 1125(c).

74. Defendants' advertisement, promotion, distribution, and sale of goods using the the StaceFace Design and imagery, without authorization from Plaintiff, is likely (and intended by defendants) to dilute the distinctive quality of the mark and decrease the capacity of the mark to identify and distinguish Plaintiff's products.

75. Defendants have intentionally and willfully diluted and continue to dilute the distinctive quality of the StaceFace Design and imagery in violation of 15 U.S.C. § 1125(c).

76. Upon information and belief, by its acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

77. Upon information and belief, defendants intend to and will continue to dilute Plaintiff's proprietary mark, unless restrained by this Court.

78. Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

79. Plaintiff has no adequate remedy at law.

13

## FOURTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 *et seq.*

80.  The allegations set forth above in paragraphs 1 through 79 hereof are adopted and incorporated by reference as if fully set forth herein.

81.  Plaintiff is the exclusive owner and holder of and to all rights respecting commercialization of U.S. Copyright Registration Nos. VA 1-999-385 and VA 2-023-251 for the StaceFace Designs as well as U.S. Trademark Registration Nos. 5,216,432 and 5,353,604 for the StaceFace Designs, which are valid, subsisting and incontestable.

82.  Defendants, without authorization from Plaintiff, have used and are continuing to use spurious copies of the StaceFace Design and imagery in connection with defendants' own products, including the Initial Infringing Products and the New Infringing Products.

83.  Defendants' sale of goods bearing the spurious copy of the StaceFace Design and imagery is likely (and intended by defendants) to cause confusion, or to cause mistake, or to deceive consumers into believing that defendants' products are genuine, authorized or approved by Plaintiff.

84.  The StaceFace Design and imagery is distinctive and has acquired secondary meaning in the marketplace, and is original work to which Plaintiff holds all rights.

85.  Defendants' conduct constitutes copyright infringement in violation of 17 U.S.C. § 101 *et seq.*

86.  Defendants' misappropriation and infringement of the StaceFace Design and imagery was and is willful and intentional, as evidenced by defendants' continued mimicry even after actual notice and demands to stop.

87.  Upon information and belief, by its acts, defendants have made and will continue

14

to make substantial profits and gains to which they are not entitled in law or equity.

88.    Upon information and belief, defendants intend to continue their infringing acts, and will continue to infringe the registered StaceFace Design and imagery, unless restrained by this Court.

89.    Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

90.    Plaintiff has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**TRADE DRESS INFRINGEMENT**

91.    The allegations set forth above in paragraphs 1 through 90 hereof are adopted and incorporated by reference as if fully set forth herein.

92.    The StaceFace Design and imagery is distinctive and has acquired secondary meaning in the marketplace, and all rights to commercialize the StaceFace Designs and imagery are held exclusively by Plaintiff.

93.    The StaceFace Design and imagery has a distinct visual impression and general appearance that customers associate with Plaintiff.

94.    Defendants, without authorization from Plaintiff, have used and are continuing to copy the trade dress of the StaceFace Design and imagery in connection with defendants' own products, including the Initial Infringing Products and the New Infringing Products.

95.    Defendants' sale of goods imitating and mimicking the trade dress of the StaceFace Design and imagery is likely (and intended by defendants) to cause confusion, or to cause mistake, or to deceive consumers into believing that defendants' products are genuine, authorized or approved by Plaintiff.

96. Defendants' misappropriation and infringement of the StaceFace Design, imagery and trade dress was and is willful and intentional, as evidenced by defendants' continued mimicry even after actual notice and demands to stop.

97. Upon information and belief, by its acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

98. Upon information and belief, defendants intend to continue their infringing acts, and will continue to infringe Plaintiff's trade dress and imagery, unless restrained by this Court.

99. Defendants' conduct has caused, and will continue to cause, irreparable injury to Plaintiff.

100. Plaintiff has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## DILUTION & UNFAIR BUSINESS PRACTICE UNDER N.Y. GEN. BUS. LAW § 360-1

101. The allegations set forth above in paragraphs 1 through 100 hereof are adopted and incorporated by reference as if fully set forth herein.

102. The StaceFace Design and imagery is distinctive and has acquired secondary meaning in the marketplace, and all rights to commercialize the StaceFace Designs and imagery are held exclusively by Plaintiff.

103. Defendants' acts are likely to dilute, have diluted, and, unless enjoined by this Court, will continue to dilute the distinctive quality of the StaceFace Design, imagery and mark.

104. Upon information and belief, by its acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity

105. As a direct and proximate result of defendants' willful and wonton acts and conduct, Plaintiff's reputation and goodwill have been damaged.

106. Defendants' acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court.

107. Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

108. The allegations set forth above in paragraphs 1 through 107 hereof are adopted and incorporated by reference as if fully set forth herein.

109. Defendants' activities constitute trademark infringement under the common law of the State of New York.

110. Defendants' use of the StaceFace Design and imagery, unless restrained by this Court, will lead the public to believe that there is a connection or association between Defendants and Plaintiff, when in fact, there is none.

111. Upon information and belief, by its acts, defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

112. Defendants' acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court.

113. Plaintiff has no adequate remedy at law

## EIGHTH CLAIM FOR RELIEF
## COMMON LAW UNJUST ENRICHMENT, UNFAIR COMPETITION &
## MISAPPROPRIATION

114. The allegations set forth above in paragraphs 1 through 113 hereof are adopted and incorporated by reference as if fully set forth herein.

115. By the conduct described above, Defendants have unjustly retained benefits to the

detriment of Plaintiff, and such benefits violate fundamental principles of justice, equity, and good conscience.

116.    Defendants' use of the StaceFace Designs and imagery has already caused consumer confusion, and is likely to continue to cause consumer confusion; to cause the public to believe that Defendants' goods are affiliated with, or sponsored or endorsed by, Plaintiff, which they are not; and to result in Defendants unfairly and unlawfully benefitting from an association with Plaintiff and Plaintiff's goodwill.

117.    On information and belief, the actions of Defendants described above have at all times relevant to this action been willful.  Defendants were put on notice in multiple instances of Plaintiff's objection to Defendant's use of the StaceFace Design and imagery, but have used and continue to use the same in bad faith, and in deliberate and willful disregard for Plaintiff's exclusive rights therein.

118.    As a direct and proximate result of the actions of the Defendants alleged above, Plaintiff has been damaged and will continue to be damaged.

**WHEREFORE**, Plaintiff respectfully demands judgment against defendants as follows:

A. That the Court enter an injunction ordering that defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the StaceFace Design and imagery to identify any goods or the rendering of any services not authorized by Plaintiff;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or weaken the distinctive quality of

the StaceFace Design and imagery;

(c) using a false description or representation including designs and other symbols falsely describing or representing defendants' unauthorized goods as being manufactured or sold by Plaintiff or sponsored by or associated with Plaintiff;

(d) further infringing the StaceFace Design and imagery by marketing, advertising, and/or promotion goods embodying the StaceFace Design or imagery;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the StaceFace Design or imagery in connection with the promotion, advertisement, display, sale, and/or operation of goods so as to relate or connect, or tend to relate or connect in any way to Plaintiff, or to products owned, sponsored or approve by, or connected with Plaintiff;

(f) making nay statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that defendants' goods are in any way associated or connected with Plaintiff;

(g) engaging in any conduct constituting an infringement of the StaceFace Design and imagery, or Plaintiff's rights in, or to use or to exploit, said service mark and/or trademark, or constituting any weakening of Plaintiff's reputation or goodwill;

(h) using or continuing to use the StaceFace Design and imagery or any variation thereof on the Internet or elsewhere (either in the text of a website, or in connection with any goods or services not directly authorized by, Plaintiff); and

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in subparagraphs (a) through (i).

B. Directing that defendants, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

C. Directing that defendants deliver up for destruction to Plaintiff all unauthorized goods bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the StaceFace Design or imagery, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D. Ordering defendants to recall from any distributors and retailers any infringing products, including all advertisement, promotional and marketing materials therefore, as well as means of making same.

E. Ordering defendants to deliver to Plaintiff for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same.

F. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the goods provided or promoted by defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

G. Ordering an accounting by defendants of all gains, profits and advantages derived from their wrongful acts, including all copying, co-option, mimicry and misuse of Plaintiff's proprietary StaceFace Design and imagery.

H. Awarding Plaintiff all of defendants' profits and all damages sustained by Plaintiff as a result of defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

I. Awarding Plaintiff a sum treble the amount of defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

J. Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(c).

K. Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117, 17 U.S.C § 505, and otherwise.

L. Ordering that, pursuant to 11 U.S.C. § 523(a)(6), defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Plaintiff.

M. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

N. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury in this action of all issues triable by jury in this matter.

21

Dated:  December 6, 2018

Respectfully submitted,

_____

Jonathan J. Faust
WILSON KEADJIAN BROWNDORF LLP
114 West 47th St., 18th Fl
New York, NY  10036
Telephone:  (212) 66-09555
jfaust@wkbllp.com

*Attorneys for Plaintiff*

22